IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:08-CR-178 |
| | § | |
| DAVID EDWARD PERMENTER | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 12, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Marisa Miller.

David Edward Permenter was sentenced on February 12, 2009, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. David Edward Permenter was subsequently sentenced to 97 months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment. On January 12, 2016, David Edward Permenter completed his period of imprisonment and began service of the supervision term.

On December 1, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt.91 Sealed]. The Petition asserted that Defendant

REPORT AND RECOMMENDATION – Page 1

violated four (4) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1) On February 11, 2017, the defendant was arrested by the Dallas Area Rapid Transit (DART) Police and charged with a misdemeanor Criminal Trespass under case number M1716954. On August 17, 2017, the offender was sentenced to 30 days imprisonment and $100 fine. On June 29, 2017, Defendant was arrested by the Dallas Police Department and charged with the felony offense of Unauthorized Use of a Motor Vehicle under case number F1756071. On August 15, 2017, the offender was sentenced to 4 years deferred probation and a $750 fine. On November 6, 2017, a motion to revoke the offender's probation was filed in Dallas County and remains pending. On November 1, 2017, the Defendant was arrested by the Garland Police Department and charged with the misdemeanor offense of Theft of Property More than $100 but less than $750 under case number M1725786; (2) Defendant failed to submit his monthly supervision reports, as instructed, for the months of January, February, March, and April 2017. On February 9, 2017, Defendant reported to the United States Probation Office and had an administrative hearing with Supervising United States Probation Officer Jesus Perez. After the meeting, he was instructed to report to the office on February 23, 2017, which he failed to do; (3) On January 27, 2017, a meeting was conducted with the Defendant's supervisor at the Sheraton Hotel in Dallas, Texas. It was verified that as of January 8, 2017, Defendant was no longer employed due to job abandonment. Defendant never notified

the United States Probation Office regarding this change in employment status. On February 3, 2017, telephone contact was made with the Defendant and he stated he was no longer residing at his listed address of 4100 Wood Oak Drive in Balch Springs, Texas, and has been residing with a friend but failed to provide his current address. Defendant failed to notify the United States Probation Office regarding his change in address, and his current whereabouts are unknown; and (4) On February 19, 2017, Defendant was encountered by the Baylor Hospital Department of Public Safety after he was found sleeping in an elevator in the parking garage of the hospital. Defendant was issued a criminal trespass warning and escorted off the property. On March 25, 2017, Defendant was encountered by the Dallas Police Department and questioned regarding the possibility of burglarizing a motor vehicle. Defendant was released without incident, as there was no probable cause, only that he fit the description of a suspicious person pulling on car handles. On both encounters, Defendant failed to report these police contacts to the United States Probation Office.

Prior to the Government putting on its case, Defendant entered a plea of true to all four (4) of the allegations of the Petition. Having considered the Petition and the plea of true to all four (4) allegation of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for a term of twelve (12) months of imprisonment with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons in El Reno, Oklahoma, if appropriate.

**SIGNED this 12th day of March, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE